# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

RICHARD L. MORROW                                                                                         PLAINTIFF

v.                              3:17cv00080-BRW-JJV

BECKY HICKS, Captain,
Poinsett County Detention Center; *et al.*                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Richard L. Morrow ("Plaintiff") filed this action *pro se* and under 42 U.S.C. § 1983.  (Doc. No. 2.)  He alleges Defendants Becky Hicks,[1] Kim Muse, Steve Rorex, and Susan Cox, officials at the Poinsett County Detention Center, denied him medical attention during his incarceration there.  (*Id*. at 4.)  He seeks monetary damages.  (*Id*. at 5.)  Defendants have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on Plaintiff's claims.  (Doc. No. 39.)  Plaintiff has not responded, and this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's Complaint should be DISMISSED.

### II.  FACTS

According to Plaintiff's Complaint, filed April 14, 2017, he arrived at the detention center on January 4, 2017.  (Doc. No. 2 at 4.)  During that time, he alleges, Defendants never took him to see a doctor, despite the fact that he filed several requests for medical treatment for lumps in his

---

[1] This Defendant's name is Becky Hitt.  (Doc. No. 9 at 1.)  The Clerk is directed to amend the docket to reflect the correct spelling of her name.

testicles. (*Id*.) Plaintiff states he threw up blood, "f[e]ll out," and was always in pain. (*Id*.) He says, "I don't know if I have cancer or not" and accuses Defendants of "playing with [his] life." (*Id*.) He seeks $3600 for each day he was denied medical attention during his incarceration. (*Id*. at 5.)

## III.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV. ANALYSIS

#### A. Official Capacity Claims

Plaintiff has sued Defendants in both their official and personal capacities. (Doc. No. 2 at 2.) Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id.* at 166. Thus, Plaintiff's official capacity claims against Defendants are to be treated as claims against Poinsett County. Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91. A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Id.* at 691. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Poinsett County that caused or contributed to his alleged injuries. Accordingly, his official capacity claims against Defendants should be dismissed.

#### B. Personal Capacity Claims

4

Defendants contend they are entitled to summary dismissal of Plaintiff's claims against them in their personal capacities because there are no genuine issues of material fact and Plaintiff cannot establish a constitutional violation. (Doc. No. 40 at 5.) I agree.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.[2] *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). A prisoner advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Id.* at 297. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A claim that prison officials were deliberately indifferent to a prisoner's serious medical needs has both objective and subjective components. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A plaintiff must demonstrate (1) that he suffered from objectively serious medical needs, and (2) that prison officials actually knew of but deliberately disregarded those needs. *Id*. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Estelle*, 429 U.S. at 104-05. However, an inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain." *Id*. at 105.

Even assuming the lumps in Plaintiff's testicles constituted a serious medical need, the record demonstrates Defendants did not deliberately disregard it. Plaintiff admits Defendants took

---

[2] Because Plaintiff was a pretrial detainee at the time of the alleged violations (Doc. No. 2 at 3), his claims are properly analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). Nonetheless, the same "deliberate indifference" standard has been held to apply. *Id*. at 152-53 (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043 (8th Cir. 1989)).

him to the local health department for treatment at some point in the first month of his incarceration. (Doc. No. 2 at 4, 7.) This visit apparently included an x-ray and blood tests. (*Id*. at 7.) Plaintiff was scheduled for a follow-up appointment to receive the results of those tests. (*Id*.) Plaintiff's requests after that point were mostly requests to be released for medical reasons. (*Id*. at 8-10, 12, Doc. No. 6 at 3-4.) Detention center staff repeatedly informed him he would need to speak with his attorney, the prosecutor, and the judge about that. (Doc. No. 2 at 8, 10, 12, Doc. No. 6 at 3-4.)

On March 14, 2017, Plaintiff submitted a request saying he had been sick and needed to see a doctor. (Doc. No. 2 at 9.) He was evaluated by medics that same day, "checked out ok," and was moved to a different cell for observation. (*Id*.) On March 29, 2017, Plaintiff filed a grievance in which he complained about the treatment he was receiving, saying he did not trust Defendant Cox, the jail nurse, and Defendants would have to pay for his surgery. (*Id*. at 11.) According to the response to this grievance, Plaintiff had a doctor's appointment scheduled "soon." (*Id*.) In another grievance dated March 29, 2017, Plaintiff said "the doctor here can't do none for me" and he needed to see his own doctor. (*Id*. at 12.) On April 16, 2017, Plaintiff filed a request saying he needed surgery and asking when his doctor's appointment would be. (Doc. No. 5 at 2.) He was again told he had an appointment scheduled "soon." (*Id*.) On April 18, 2017, Plaintiff submitted a request to speak with the nurse about his diet. (Doc. No. 6 at 5.) He stated he had seen a doctor that day and was supposed to have surgery soon, "so I guess the jail gonna pay for my surgery." (*Id*.) The response stated, in part, "Per transport officer Dr advised to take care of this when you are released." (*Id*.) A response to another request filed that same date said, "Was seen by the dr 4-18-17." (*Id*. at 6.)

6

This evidence clearly shows Plaintiff was evaluated and treated on multiple occasions during the relevant time period.  He was treated at the local health department and by medics and the nurse at the detention center.  He was ultimately taken to see an outside doctor, who apparently recommended surgery but only after Plaintiff's release.  Therefore, contrary to Plaintiff's allegations, he did in fact receive medical care.  While the record is generally construed in Plaintiff's favor, the Court is not required to accept his version of the facts if it is so blatantly contradicted by the record that no reasonable jury could believe it.  *See Jones v. McNeese*, 675 F.3d 1158, 1162 (8th Cir. 2012).

To the extent Plaintiff complains about not being taken to an outside doctor sooner, or not being taken to his own personal doctor, his complaints amount to, at most, a disagreement with the treatment decisions made by Defendants.  A showing of deliberate indifference requires more.  *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).  "[I]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment."  *Dulany*, 132 F.3d at 1239.

Defendants have shown Plaintiff received medical treatment, and Plaintiff's unsupported allegations to the contrary are insufficient at the summary judgment stage.  *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569 (2000)) ("When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.").  Because Plaintiff has failed to show a genuine issue of material fact exists, Defendants are entitled to summary dismissal of his claims.

## V.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Clerk amend the docket to reflect the correct spelling of Defendant Becky Hitt's name. (Doc. No. 9 at 1.)

2. Defendants' Motion for Summary Judgment (Doc. No. 39) be GRANTED.

3. Plaintiff's claims be DISMISSED with prejudice.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 19th day of January, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE